**ALEXIS GALINDO (SBN 136643)**
 E-mail: agalindo@cgsattys.com
**MAXIMILIANO GALINDO (SBN 328187)**
 E-mail: mgalindo@cgsattys.com
**CURD, GALINDO & SMITH, LLP**
301 East Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Telephone: (562) 624-1177
Facsimile: (562) 624-1178
www.cgsattys.com

Attorneys for Plaintiffs, Marcus Beale; Malcolm Beale

# UNITIED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS BEALE; MALCOLM BEALE | CASE NO: |
| Plaintiffs, | |
| vs. | **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |
| COUNTY OF VENTURA; DEPUTY S. MOSS #5068; DEPUTY STEELE; BRYAN BRAY #754; ALINA HOFFMAN #756; AMANDA AHRENS; 5 R WAY CATTLE RANCH, SHEREE A. RYAN, TIMOTHY P. RYAN, JR; BRENDA SMITH, TERRY BOBBITT and DOES 1 through 10, Jointly and Severally | 1. [42 U.S.C. § 1983] Unlawful Seizure<br>2. [42 U.S.C. 1983] Excessive Force<br>3. Negligence;<br>4. False Imprisonment;<br><br>DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiffs, MARCUS BEALE and MALCOLM BEALE by and through their attorneys, CURD, GALINDO & SMITH LLP, bring their Complaint against Defendants, and state as follows:

**INTRODUCTION**

1.     This is a civil rights action arising from Defendants Timothy Ryan, Jr and Brenda Smith's false statements and negligence, and Defendant deputy sheriffs', Deputy Moss and Deputy Steele, unlawful seizure, use of excessive force and negligence, resulting in the injuries suffered by MARCUS BEALE and MALCOLM BEALE.  The events occurred commencing as early as April 9, 2021 and continuing. On April 9, 2021, at the Plaintiff's, MARCUS BEALE, residence located at 16519 Chuchupate Trail Frazier Park, CA  93225, County of Ventura, State of California, Deputy Moss conducted an unlawful seizure of Plaintiff's person and property. This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California.  Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions.  Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising under state law.  The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

2

2.     Venue is proper in the Central District of California. The injury occurred in the County of Ventura, California.

## PARTIES

3.     Plaintiffs, MARCUS BEALE and MALCOLM BEALE were at all times mentioned herein, citizens of the United States of America and residents of the State of California. At all relevant times herein MARCUS BEALE was and is the owner and operator of a feed store named $ BILL MOBILE FEED STORE located at 3516 Mt. Pinos Way, Frazier Park, CA 93225.

4.     Defendant COUNTY OF VENTURA is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the VENTURA COUNTY SHERIFF DEPARTMENT Police Department ("VCSD") which employs other defendants in this action, DOES 1 through 10.

5.     Based on information and belief, Defendant Deputy sheriffs, DEPUTY MOSS and DEPUTY STEELE, and DOES 1 through 5, at all material times were residents of Ventura County and employed as law enforcement officers by Defendant COUNTY OF VENTURA, hereinafter "VCSD" and were acting within the course and scope of that employment out of the Lockwood Valley Station. Defendants DOES 1 through 5 are being sued in their individual capacity.

COMPLAINT FOR DAMAGES AND JURY DEMAND

6. Based on information and belief, Defendants BRYAN BRAY and ALINA HOFFMAN, and DOES 6 through 8, at all material times were residents of Ventura County and employed as animal control officers by Defendant COUNTY OF VENTURA, hereinafter "VCSD" and were acting within the course and scope of that employment.  Defendants DOES 6 through 8 are being sued in their individual capacity.

7. Based on information and belief, Defendants AMANDA AHRENS, and DOES 6 through 8, at all material times were residents of Ventura County and employed as code enforcement officers by Defendant COUNTY OF VENTURA, hereinafter "VCSD" and were acting within the course and scope of that employment. Defendants DOES 6 through 8 are being sued in their individual capacity.

8. Plaintiffs are informed and believe and thereon allege that each of the Defendant Deputy sheriffs, animal control officers and code enforcement employees sued herein were negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs.  Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendant Deputy sheriffs, code enforcement agent, including Doe Defendants.

9. Plaintiff is informed and believes, and thereon alleges, that each Defendant was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing

4

the things herein alleged, was acting within the course and scope of that relationship.

Plaintiff is further informed and believes, and thereon alleges, that each of the

Defendants herein gave consent, aid, and assistance to each of the remaining

Defendants, and ratified and/or authorized the acts or omissions of each Defendant as

alleged herein, except as may be hereinafter otherwise specifically alleged. At all

material times, each Defendant was jointly engaged in tortious activity, resulting in

the deprivation of Plaintiff's constitutional rights and other harm.

10.     At all material times, each Police Officer Defendant acted under color of

the laws, statutes, ordinances, and regulations of the State of California.

11.     At all times mentioned the acts herein occurred in the County of

Ventura.

12.     This complaint may be pled in the alternative pursuant to FRCivP

8(e)(2).

13.     In 2021 the California Legislature (2020 Cal. AB 1775) enacted Civ.

Code 47(b)(5) to exempt from the Litigation Privilege communications to the police

that are known to be false by the persons making them.

14.     At all relevant times herein, TIMOTHY P. RYAN, JR and SHEREE A.

RYAN and Defendants DOES 9 through 10 at all relevant times were residents of the

County of Ventura, State of California. At all relevant times herein, BRENDA

SMITH and TERRY BOBBITT at all relevant times were residents of the County of Kern, State of California.

15.    At all relevant times herein defendants SHEREE A. RYAN and TIMOTHY P. RYAN, JR operate a cattle ranch known as 5 R WAY CATTLE RANCH which comprises of real property which is an adjacent neighboring real property to Plaintiff MARCUS BEALE.

16.    At all relevant times herein defendant BRENDA SMITH Defendant was and is the owner and operator of a competing feed store to the Beale Feed Store, named TECUYA FEED and ANIMAL STORE located at 3105 Mt. Pinos Way Frazier Park, CA  93225.

17.    Plaintiff is unaware of the true names and capacities of those sued herein as unknown other named defendants. Plaintiff will amend this Complaint to allege said defendants' true names and capacities when that information becomes known to her. Plaintiff is informed and believes, and thereon alleges, that these unknown other named defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said defendants proximately caused the injuries and damages by reason of negligence, carelessness, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent intentional, willful, or wanton misconduct in creating

6

and otherwise causing the incident, conditions, and circumstances hereinafter set forth, or by reason of direct or impugned negligence or vicarious fault or breach of duty arising out of the matters herein alleged.

18.     The true names and capacities, whether individual, corporate, associate, governmental or otherwise of Defendants, Does 1 through 10, inclusive, are unknown to Plaintiff at this time, who therefore sues said Defendants by said fictitious names, and when the true names and capacities of said Defendants are ascertained, leave of Court will be sought to amend this Complaint to allege the true names and capacities of said Defendants.

19.     Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned each of the defendants was the agent and/or employee and/or co-conspirator of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment and/or conspiracy, and with the permission and consent of other codefendants.

## FACTS COMMON TO ALL COUNTS

20.     On April 9, 2021, County of Ventura Sheriff Deputy, Defendant Deputy Moss and DOES 1 through 5, raided Plaintiff's MARCUS BEALE'S home located at 16519 Chuchupate Trail Frazier Park, CA  93225.  Defendant Deputy Moss and

DOES 1 through 5, placed and trained their firearms on Plaintiffs' MARCUS BEALE and MALCOLM BEALE, head during the raid.

21.    During said raid Deputy Moss and DOES 1 through 5, never showed Plaintiffs a warrant for the search of the premises.

22.    During the raid Deputy Moss #5068 and DOES 1 through 5, seized from Plaintiff $3,500.00 cash, the following animals owned by Plaintiff; five horses, six dogs, four pigs and two cows. Also seized were Plaintiff's, MARCUS BEALE, firearms, 1 rifle and 3 shotguns.  Plaintiffs MARCUS BEALE and MALCOLM BEALE were arrested and forced to post bail. As a result of the raid Plaintiff MARCUS BEALE was wrongfully charged animal board fees for 13 days from April 10, 2021 through April 22, 2021.

23.    Based on information and belief, Plaintiffs allege that SHEREE A. RYAN, TIMOTHY P. RYAN, JR ., BRENDA SMITH, TERRY BOBBITT and DOES 9 through 10, called VCSD and made false statements to the VCSD indicating that Plaintiffs were not feeding the animals, not providing adequate feed to the animals and causing injury to the animals. Based on these false statements Deputy Moss and DOES 1 through 5, executed the raid and made the arrests based on false information.

23.     Plaintiffs further allege based on information and belief, that SHEREE A. RYAN, TIMOTHY P. RYAN, JR., BRENDA SMITH, and TERRY BOBBITT and DOES 9 through 10, negligently and/or intentionally, stated to VENTURA COUNTY animal control officer Hoffman that Plaintiffs had caused injury or posed a danger to Plaintiffs' animals.  Officer called deputy sheriff Deputy MOSS.  The statements by SHEREE A. RYAN, TIMOTHY P. RYAN, JR., BRENDA SMITH, and TERRY BOBBITT DOES 9 through 10, the VENTURA Deputy sheriffs including, were recklessly, negligently and/or intentionally made.  Based on these false and incorrect statements, VENTURA Deputy sheriffs MOSS and STEELE harassed Plaintiff MALCOLM BEALE while driving his vehicle and walking on his father's real property. On or about August 7, 2022, Plaintiff MALCOLM BEALE was pulled over for no probable cause or reason but to harass MALCOLM BEALE simply based on his race and ethnicity.

24.     Based on information and belief, Plaintiff MALCOLM BEALE alleges that Defendants SHEREE A. RYAN and TIMOTHY P. RYAN, JR as employees and within their course and scope of employment with 5 R WAY CATTLE RANCH, in their called or caused to be called VCSD dispatch and made false complaints to VCSD that MALCOLM BEALE, based on his race and ethnicity, was trespassing on the RYAN property and causing harm.  VCSD Deputy MOSS was dispatched and MALCOLM BEALE was harassed, detained and arrested for no reason.

9

24.     Based on information and belief, Plaintiff MARCUS BEALE alleges that simply based on his race and ethnicity, and to intimidate his witnesses, Defendant VCSD deputy MOSS on or about June 21, 2021, harassed and detained MARCUS BEALES's horse trainers (SEAN NASH and PETRA VAN VE HEY) and

25.     Based on information and belief, Plaintiff MARCUS BEALE alleges that simply based on his race and ethnicity, with the intent to harass and discriminate Plaintiff, AMANDA AHRENS, VENTURA County Code Enforcement Officer, falsely accused Plaintiff MARCUS BEALE of various code enforcement at Plaintiff's personal residence which is a manufactured home.  The citation was identified as CV21-0118/16519 Chuchupate.

26.     Plaintiff MARCUS BEALE, based on information and belief, alleges that AMANDA AHRENS, VENTURA County Code Enforcement Officer, made the charges of code violations to harass and discriminate Plaintiff du to his race as the violation were unfounded.

26.     Based on information and belief, Plaintiffs MARCUS BEALE and MALCOLM BEALE allege that VCSD Deputies MOSS and STEELE and DOES 1 through 5, used unlawful force when they placed and trained the firearms on Plaintiffs head on the day of the arrest, April 9, 2021.  The force was used was unnecessary and excessive force and without justification.

27.     Defendant Deputy MOSS and Deputy STEELE's excessive force used upon Plaintiff MALCOLM BEALE and MARCUS BEALE caused injury to their person.

28.     Defendant Deputy MOSS handcuffed and arrested Plaintiff MARCUS BEALE .

29.     The Defendants, COUNTY of VENTURA and its employees, Deputy Moss, Deputy Steele, Bryan Bray, Alina Hoffman, Amanda Aherns,  and DOES 1 through 10 violated Plaintiffs' civil rights and constitutional rights including, negligence, false arrest, battery, false imprisonment and unlawful search and seizure. Defendants' SHEREE A. RYAN, TIMOTHY P. RYAN, Jr.,  BRENDA SMITH, TERRY BOBBITT and DOES 9 through 10 made negligent and false statements about Plaintiffs to VCSD which caused the Plaintiffs to be detained and falsely arrested.

31.     PLAINTIFFS are informed, believe, and thereon allege that the COUNTY of VENTURA and its employees, Deputy Moss, Deputy Steele, Bryan Bray, Alina Hoffman, Amanda Aherns,  and DOES 1 through 5 also discriminated against Plaintiffs. The COUNTY of VENTURA knowingly and deliberately fostered, maintained and condoned a policy, practice and custom or otherwise acted in a manner that was deliberately indifferent to the lives and liberty of persons such as

Plaintiffs (African Americans) and that such policy, practice, custom and/or actions were a direct and legal cause of their injuries, and in particular the injuries suffered by Plaintiffs at the hands of Defendant Deputy Moss, Deputy Steele, Bryan Bray, Alina Hoffman and Amanda Ahrens.

32.    The policy, practice, custom, and actions included, without limitation, knowingly and deliberately failing to properly train, discipline and supervise employees regarding both the use of force, including deadly force, and the proper procedures to be followed in detaining individuals.

33.    At the time of the unlawful conduct by VENTURA Deputy sheriffs MOSS and STEELE, and DOES 1 THROUGH 5, the COUNTY of VENTURA had in place, and had ratified, policies, procedures, customs and practices which permitted and encouraged their deputy sheriffs to unjustifiably, unreasonably and in violation of the Fourth and Fourteenth Amendments, use violence against individuals being detained. Said policies, procedures, customs and practices also called for the COUNTY of VENTURA not to discipline, prosecute or in any way take corrective or responsive action to known incidents and/or complaints of unjustified excessive force and violent acts by said officers or the related claims and lawsuits resulting from such violence.

34.     Said policies, procedures, customs and practices called for the refusal of the COUNTY of VENTURA to investigate or document complaints of previous incidents of unjustified violence and, instead, officially claim that such incidents were justified and proper.

35.     VCSD'S policies, procedures, customs and practices of inaction and cover-up encouraged deputies of VCSD, including Deputies MOSS and STEELE and DOES 1 THROUGH 5, to believe that unjustified arrest, beatings, violence, and deadly force against individuals being detained was permissible.

36.     At the time that Defendant Deputy sheriffs MOSS and STEELE, and DOES 1 through 5, employees of the VCSD, exercised unlawful and excessive force against PLAINTIFFS.  Plaintiffs, MARCUS BEALE and MALCOLME BEALE never  posed a significant and/or immediate threat of death or serious physical injury to any of the Defendants or to anyone else.

37.     Plaintiffs further allege that had Defendants MOSS, STEELE, and DOES 1 through 5, simply relied on the false statements made by Defendants SHEREE A. RYAN, TIMOTHY P. RYAN, Jr., BRENDA SMITH,  and TERRY BOBBITT failed to independently investigate the issue of probable cause, they could only have reasonably concluded that there was no basis for the complaints made by SHEREE A. RYAN, TIMOTHY P. RYAN, Jr., BRENDA SMITH  and TERRY BOBBITT.  Such conduct by the deputies was (1) a violation of 42 U.S.C. § 1983

13

based on a violation of Plaintiffs' right against unlawful seizure under the Fourth Amendment; (2) a violation of Plaintiffs' right against unlawful seizure under Art. 1, Section 13 of the California constitution; (3) a violation of Plaintiffs' right against false arrest/false imprisonment as defined by California Penal Code § 236; (4) a violation of 42 U.S.C. § 1983 based on a violation of the Equal Protection Clause of the 14th Amendment; (5) a violation of Plaintiffs' rights under California's Equal Protection Clause, Art. 1, Section 7(a); (6) a violation of California Penal Code § 4003; (7) a violation of 42 U.S.C. § 1983 based on a violation of Plaintiffs' rights against excessive force under the Fourth Amendment; (8) a violation of 42 U.S.C. § 1983 based on a violation of Plaintiffs' right against illegal seizure of property under the Fourth Amendment; (9) a violation of California Civil Code § 51.7; and (10) a violation of California Civil Code § 52.1.

38.     Plaintiffs allege and contend that Defendants MOSS, STEELE, and DOES 1 through 5 could not have had independent probable cause to make the arrest. Under federal law, "the federal Constitution requires deputy sheriffs to have independent probable cause when effectuating a citizen's arrest." *Hopkins v. Bonvicino*, 573 F.3d 752, 774 (9th Cir. 2009); *Arpin v. Santa Clara Valley Trans. Agcy.*, 261 F.3d. 912, 925 (9th Cir. 2003) ("In establishing probable cause, officers may not solely rely on the claim of a citizen witness that he was a victim of a crime, but must independently investigate the basis of the witness' knowledge or interview other witnesses."). Moreover, "[a] sufficient basis of knowledge is established if the

14

victim provides 'facts sufficiently detailed to cause a reasonable person to believe a crime had been committed and the named suspect was the perpetrator." See *John v. COUNTY of El Monte*, 515 F.3d 936, 941 (9th Cir. 2008); *Peng v. Mei Chin Peng Hu*, 335 F.3d 970, 978 (9th Cir. 2003); *Sin v. Crystal Park Hotel Casino*, 77 Fed. Appx. 433, 434 (9th Cir. 2003); *Salisbury v. Ward*, 2006 U.S. Dist. LEXIS 94025, 2006 WL 3742226 at 4 (N.D. Cal., 2006).

39.   Defendants' MOSS, STEELE, and DOES 1 through 5 employees, of the VCSD, conduct herein, including but not limited to their decision(s) to stop and seize PLAINTIFFS, the manner in which they conducted the seizure, their failure to communicate with PLAINTIFFS, their failure to warn that excessive force would be used, their use of force, and their conduct, was contrary to generally accepted reasonable police procedures and tactics, and caused the injuries to PLAINTIFFS.

40.   At all material times, and alternatively, the actions and omissions of each of the defendants was intentional, wanton and/or willful, shocking to the conscience, reckless disregard, malicious, deliberately indifferent to Plaintiffs' rights, and done with actual malice, gross negligence, negligence, and was objectively unreasonable.

41.   As a direct and proximate result of each Defendants VCSD SHERIFFS' DEPUTIES, MOSS and STEELE, DOES 1 through 5 employees, of the VCSD, acts and/or omissions as set forth above, Plaintiffs sustained the following injuries and damages, past and future, among others:

   a.   Severe physical and mental injuries to PLAINTIFFS;

15

b.   Severe Emotional distress

c.   Violation of constitutional rights;

d.   All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law;

e.   PLAINTIFFS' conscious pain and suffering, pursuant to federal civil rights law;

**COUNT ONE**
**-- 42 USC §1983 --**
**UNLAWFUL SEIZURE**
**PLAINTIFFS AGAINST DEFENDANTS DEPUTY MOSS, DEPUTY STEELE, BRYAN BRAY, ALINA HOFFMAN, VENTURA COUNTY Employees DOES 1 through 10**

42.    Plaintiffs, MARCUS BEALE and BEALE re-allege, each and every paragraph in this complaint as if fully set forth herein.

43.    By the actions and omissions described above, Defendants VENTURA COUNTY employees, MOSS, STEELE, BRAY, HOFFMAN and DOES 1 through 10, violated 42 USC §1983, depriving Plaintiffs of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to U.S. Constitution:

a.   The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

44.    Defendants VCSD, MOSS, STEELE, BRAY, HOFFMAN and DOES 1 through 10, subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless

16

disregard for whether the rights and safety of Plaintiffs would be violated by their acts and/or omissions.

45.     Defendants MOSS and STEELE, as well as BRAY and HOFFMAN violated Plaintiffs' right to be free from unreasonable searches and seizures, as secured by the Fourth and Fourteenth Amendments, when MOSS and STEELE arrested Plaintiffs MARCUS BEALE and MALCOLM BEALE for animal cruelty without probable cause, seizing their person and property due to Plaintiffs' race and ethnicity.  Deputy MOSS and Deputy STEELE unlawfully detained and unlawfully arrested MARCUS BEALE and MALCOLM BEALE.

46.     As a direct and proximate result of Defendants VCSD, MOSS, STEELE, BRAY, HOFFMAN and DOES 1 through 10, acts and/or omissions as set forth above, Plaintiffs MARCUS BEALE and MALCOLM BEALE sustained injuries and damages as set forth above.

47.     The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 USC §1983 as against the individual officers.

48.     Plaintiffs are also entitled to reasonable costs and attorney fees under 42 USC §1988 and applicable California codes and laws.

**COUNT TWO**
**-- 42 USC §1983 –**
**EXCESSIVE FORCE**
**PLAINTIFFS MARCUS BEALE and MALCOLM BEALE AGAINST**
**DEFENDANT DEPUTY MOSS DOES 1 through 5**

17

49.     Plaintiffs MARCUS BEALE and MALCOLM BEALE re-allege, each and every paragraph in this first amended complaint as if fully set forth herein.

50.     By the actions and omissions described above, Defendants Deputy MOSS, and DOES 1 through 5, violated 42 USC §1983, depriving Plaintiffs of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to U.S. Constitution:

The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

51.     Defendant MOSS violated Plaintiff MARCUS BEALE and MALCOLM BEALE's right to be free from unreasonable and excessive force. Defendant MOSS violated Plaintiffs' right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth and Fourteenth Amendments, when Defendant MOSS placed his firearm on Plaintiffs had, during the course of the unlawful search and arrest.

52.     As a direct and proximate result of Defendant MOSS', and DOES 1 through 5, acts and/or omissions as set forth above, Plaintiffs MARCUS BEALE and MALCOLM BEALE sustained injuries and damages as set forth above.

53.     The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 USC §1983 as against the individual officers.

54.     Plaintiffs  are also entitled to reasonable costs and attorney fees under 42 USC §1988 and applicable California codes and laws.

**COUNT THREEE**
**-- NEGLIGENCE; PERSONAL INJURIES --**
**PLAINTIFFS AGAINST Defendants, SHEREE A. RYAN, TIMOTHY P.**
**RYAN, JR., BRENDA SMITH and TERRY BOBBITT**
**AND  DOES 9 through 10**

59.    Plaintiffs re-allege each and every paragraph in this first amended complaint as if fully set forth here.

60.    At all times, each of the Defendants owed Plaintiffs the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

61.    At all times, each of the Defendants owed Plaintiffs the duty to act with reasonable care.

62.    These general duties of reasonable care and due care owed to Plaintiffs by all Defendants include but are not limited to the following specific obligations:

          a.    to refrain from reporting false statement to law enforcement against PLAINTIFFS;

63.    SHEREE A. RYAN, TIMOTHY P. RYAN, JR., BRENDA SMITH, and TERRY BOBBITT DOES 9 through 10, made the false statements to VCSD, and Defendants MOSS and STEELE,  with the intent to cause injury and/or harm to plaintiffs

64.    As a direct result of the failure of Defendants SHEREE A. RYAN, TIMOTHY P. RYAN, JR., BRENDA SMITH, and TERRY BOBBITT, DOES 9 through 10, and each of them, in their use and management of the premises, and the false statements made about Plaintiffs which directly caused Plaintiffs' unlawful

detainment and false arrest, Plaintiffs suffered and continue to suffer, severe and permanent injuries, debilitating pain, extreme emotional shock and suffering in respect to which Plaintiffs seek recovery of general damages in an amount according to proof at trial.

65.     As a direct and proximate result of Defendants' negligence, Plaintiffs sustained injuries and damages, and against each and every Defendant, is entitled to relief as set forth above against Defendants in their individual capacities.

## COUNT FOUR
## -- FALSE IMPRISONMENT --
### PLAINTIFFS AGAINST SHEREE A. RYAN, TIMOTHY P. RYAN, JR BRENDA SMITH, and TERRY BOBBITT DOES 9 through 10

66.     Plaintiffs re-allege and incorporate all preceding paragraphs as if set forth herein verbatim.

67.     Plaintiffs' detention and arrest resulted from acts and omissions by the Defendants, SHEREE A. RYAN, TIMOTHY P. RYAN, JR., BRENDA SMITH, and TERRY BOBBITT DOES 9 through 10.  The false statements about Plaintiffs made by Defendants SHEREE A. RYAN, TIMOTHY P. RYAN, JR., and BRENDA SMITH, and TERRY BOBBITT DOES 9 through 10 were made with the intent to have Plaintiffs detained and arrested and removed from their property due to their race.  Defendants SHEREE A. RYAN, TIMOTHY P. RYAN, JR., BRENDA

20

SMITH, and TERRY BOBBITT DOES 9 through 10, actions directly caused Plaintiffs' to be detained and falsely imprisoned.

68.   During their detention, Plaintiffs were compelled to remain against their free will by boundaries, assertion of armed authority and maintained in confinement in the VENTURA COUNTY Jail through the false statements made by SHEREE A. RYAN, TIMOTHY P. RYAN, JR., BRENDA SMITH, and TERRY BOBBITT DOES 9 through 10.

69.   Each and every Defendants' conduct was a substantial factor in causing harm to Plaintiffs.

70.   Defendants SHEREE A. RYAN, TIMOTHY P. RYAN, JR., BRENDA SMITH, and TERRY BOBBITT DOES 9 through 10, knowingly made false accusations to the police, for the purpose of trying to induce an arrest of Plaintiffs and directly encouraged, instigated and incited a subsequent arrest, and prosecution and legal proceedings against Plaintiffs due to Plaintiffs' race.

71.   Defendants, SHEREE A. RYAN, TIMOTHY P. RYAN, JR., BRENDA SMITH, and TERRY BOBBITT DOES 9 through 10, knew or should have known, that Plaintiffs committed no crime, and the acts done there were malicious, fraudulent, and oppressive.

## PRAYER

WHEREFORE, plaintiff prays for judgment against defendants as follows:

COMPLAINT FOR DAMAGES AND JURY DEMAND

**FIRST & SECOND CAUSE OF ACTION  (42 U.S.C. § 1983)**

1.      For general damages in an amount to be determined according to proof at trial;

2.      For medical and related expenses according to proof at trial;

3.      For costs of suit incurred herein;

4.       For attorney's fees, investigation fees, and expenses pursuant to 42 U.S.C. § 1988;

5.      For punitive damages against the individual defendants;

6.      For trial by jury; and

7.      For such other and further relief as the Court deems just and proper.


**THIRD CAUSE OF ACTION (NEGLIGENCE)**

1.      For general damages in an amount to be determined according to proof at trial;

2.      For medical and related expenses according to proof at trial;

3.      For costs of suit incurred herein;

4.      For such other and further relief as the Court deems just and proper.

**FOURTH CAUSE OF ACTION (FALSE IMPRISONMENT)**

1.      For general damages in an amount to be determined according to proof at trial;

2.      For medical and related expenses according to proof at trial;

3.      For costs of suit incurred herein;

4.      For punitive damages against the individual defendants;

5.      For such other and further relief as the Court deems just and proper.

COMPLAINT FOR DAMAGES AND JURY DEMAND

Dated: March 27, 2023

**CURD, GALINDO & SMITH LLP**

_/s/ Alexis Galindo_
ALEXIS GALINDO
Attorneys for Plaintiffs

## **JURY TRIAL DEMAND**

Plaintiff hereby respectfully demands a jury trial in this action, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: March 27, 2023

**CURD, GALINDO & SMITH LLP**

_/s/ Alexis Galindo_
ALEXIS GALINDO
Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES AND JURY DEMAND