PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JAMES S. EICHER, JR., State Bar No. 213796
jeicher@lbaclaw.com
ROCCO ZAMBITO, JR., State Bar No. 306115
rzambito@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
150 South Los Robles Avenue, Suite 660
Pasadena, California 91101
Telephone No. (818) 545-1925

Attorneys for Defendants
County of Ventura, Deputy S. Moss, Deputy Steele, Bryan Bray,
Alina Hoffman, and Amanda Ahrens

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS BEALE; MALCOLM BEALE,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF VENTURA; DEPUTY S. MOSS #5068; DEPUTY STEELE; BRYAN BRAY #754; ALINA HOFFMAN #756; AMANDA AHRENS; 5 R WAY CATTLE RANCH, SHEREE A. RYAN, TIMOTHY P. RYAN, JR; BRENDA SMITH, TERRY BOBBITT and DOES 1 through 10, Jointly and Severally,<br><br>Defendants. | Case No. 2:23-cv-02398-WLH (AGRx)<br><br>Honorable Wesley L. Hsu<br><br>**DEFENDANTS COUNTY OF VENTURA, DEPUTY S. MOSS, DEPUTY STEELE, BRYAN BRAY, ALINA HOFFMAN, AND AMANDA AHRENS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |

COMES NOW Defendants County of Ventura, Deputy S. Moss, Deputy Steele, Bryan Bray, Alina Hoffman, and Amanda Ahrens (hereinafter, "Defendants") and answering Plaintiffs Marcus Beale and Malcolm Beale's ("Plaintiffs") Complaint for Damages ("Complaint") on file herein, for themselves and for no others, admit, deny, and allege as follows:

1. Answering Paragraph 1 of the Complaint, Defendants admit that under the facts alleged, the Court has subject matter jurisdiction over Plaintiffs' federal law claims at this time.  Defendants further admit Plaintiffs have brought a civil rights action.  Defendants conditionally deny Plaintiffs' supplemental jurisdiction allegation, in that a pre-trial dismissal of Plaintiffs' federal allegations would divest the Court of federal subject matter jurisdiction.  Answering the remaining portions of Paragraph 1, Defendants deny each and every other allegation contained therein.

2. Answering Paragraph 2 of the Complaint, Defendants admit that under the facts alleged, venue is proper.  Answering the remaining portions of Paragraph 2, Defendants deny each and every other allegation contained therein.

3. Answering Paragraphs 3, 10, 11, 14-18, and 21 of the Complaint, Defendants do not have sufficient information or belief to enable them to admit or deny the allegations of these Paragraphs, and on that ground, deny each and every allegation contained therein.

4. Answering Paragraph 4 of the Complaint, Defendants admit that the County of Ventura is a municipal entity organized and existing under the laws of the State of California and that the Ventura County Sheriff's Office is a department of the County of Ventura.  Answering the remaining portions of Paragraph 4, Defendants deny each and every other allegation contained therein.

5. Answering Paragraph 5 of the Complaint, Defendants admit that Ventura County Deputy Sheriffs Moss and Steele were sworn Ventura County Deputy Sheriffs and were acting in the course and scope of their employment at all times relevant to the Complaint.  Answering the remaining portions of Paragraph 5, Defendants do not have sufficient information or belief to enable them to admit or deny the allegations of these portions of Paragraph 5, and on that ground, deny each and every other allegation contained therein.

6. Answering Paragraph 6 of the Complaint, Defendants admit that Bryan Bray and Alina Hoffman were County of Ventura animal control officers and were acting in the course and scope of their employment at all times relevant to the Complaint. Answering the remaining portions of Paragraph 6, Defendants do not have sufficient information or belief to enable them to admit or deny the allegations of these portions of Paragraph 6, and on that ground, deny each and every other allegation contained therein.

7. Answering Paragraph 7 of the Complaint, Defendants admit that Amanda Ahrens was a County of Ventura code enforcement officer and was acting in the course and scope of her employment at all times relevant to the Complaint. Answering the remaining portions of Paragraph 7, Defendants do not have sufficient information or belief to enable them to admit or deny the allegations of these portions of Paragraph 7, and on that ground, deny each and every other allegation contained therein.

8. Answering Paragraphs 8, 9, 19, 23-27, 29-41, 43-48, 50-54, 63-65, 67-71, and the Prayer of the Complaint, Defendants deny generally and specifically each and every allegation contained therein, and further deny that Plaintiffs are entitled to an award of damages or any other relief as a result of any act or omission by these Defendants.

9. Answering Paragraphs 12, 13, and 60-62 of the Complaint, these Paragraphs state legal conclusions to which no response is required.

10. Answering Paragraph 20 of the Complaint, Defendants admit that on April 9, 2021, the Ventura County Sheriff's Office, including Deputy Moss, executed a search warrant at 16519 Chuchupate Trail, Frazier Park, California 93225. Answering the remaining portions of Paragraph 20, Defendants deny each and every other allegation contained therein.

11. Answering Paragraph 22 of the Complaint, Defendants admit that as a result of the Ventura County Sheriff's Office's execution of a search warrant on

April 9, 2021, six cows, five horses, six dogs, four live pigs, three deceased pigs, a ferret, an unregistered 20 gauge pump shotgun, two unregistered 12 gauge semi-automatic shotgun, and an unregistered rifle were seized. Defendants further admit Plaintiffs were arrested for felony violations. Answering the remaining portions of Paragraph 22, Defendants deny each and every other allegation contained therein.

12. Answering Paragraph 28 of the Complaint, Defendants admit.

13. Answering Paragraph 42 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1-41 as set forth therein.

14. Answering Paragraph 49 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1-48 as set forth therein.

15. Answering Paragraph 59 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1-58 as set forth therein.

16. Answering Paragraph 66 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1-65 as set forth therein.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

17. Defendants are entitled to the benefit and protection of qualified immunity, in that there was no constitutional violation, no violation of any clearly established constitutional or statutory right, and that reasonable officials in their position could have believed their conduct was lawful.

## SECOND AFFIRMATIVE DEFENSE

18. Plaintiffs' Complaint does not state facts sufficient to constitute a cause of action against these Defendants under 42 U.S.C. § 1983, because simple negligence is not a federal civil rights violation, pursuant to the United States Supreme Court decision of *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

## THIRD AFFIRMATIVE DEFENSE

19. Plaintiffs' Complaint fails to state a cause of action against these Defendants.

## FOURTH AFFIRMATIVE DEFENSE

20. Under the Civil Rights Act, where intent is an element of the claim, the facts must be alleged in the Complaint with specificity.

## FIFTH AFFIRMATIVE DEFENSE

21. Neither a public entity nor a public employee is liable for his act or omission, exercising due care, in the execution or enforcement of any law.

## SIXTH AFFIRMATIVE DEFENSE

22. Neither a public entity nor a public employee is liable for any injury caused by the act or omission of another person.

## SEVENTH AFFIRMATIVE DEFENSE

23. Neither a public entity nor a public employee is liable for any injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion is abused.

## EIGHTH AFFIRMATIVE DEFENSE

24. Neither a public entity nor a public employee acting in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, is liable for any injury caused thereby, except to the extent that he would have been liable had the enactment been constitutional, valid and applicable.

## NINTH AFFIRMATIVE DEFENSE

25. Neither a public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if public protection service is provided, for failure to provide sufficient police protection service.

//

### TENTH AFFIRMATIVE DEFENSE

26. Neither a public entity nor a public employee is liable for an injury caused by the adoption of or failure to adopt an enactment or by the failure to enforce an enactment.

### ELEVENTH AFFIRMATIVE DEFENSE

27. Neither a public entity nor a public employee acting in the scope of employment is liable for injuries caused by misrepresentation, whether negligent or intentional, unless the public employee is guilty of actual fraud, corruption, or actual malice.

### TWELFTH AFFIRMATIVE DEFENSE

28. Any injury to Plaintiffs was due to and caused by the negligence, acts, and omissions of Plaintiffs, which carelessness, negligence, acts, and omissions were the proximate cause of the damage, if any, to Plaintiffs.

### THIRTEENTH AFFIRMATIVE DEFENSE

29. The damages, if any, should be in direct proportion to the fault of Defendants, if any, as provided by Civil Code §§ 1431 to 1431.5.

### FOURTEENTH AFFIRMATIVE DEFENSE

30. To the extent that Plaintiffs suffered any detriment, such detriment was caused or contributed to by Plaintiffs' negligence and damage, if any, should be reduced in direct proportion to their fault.

### FIFTEENTH AFFIRMATIVE DEFENSE

31. The injuries and damages alleged by Plaintiffs, if any, were proximately caused by the negligence, conduct and liability of other persons or entities, and Defendants request that an allocation of such negligence, conduct and liability be made among such other persons or entities, and that, if any liability is found on the part of Defendants, judgment against Defendants be only in an amount which is proportionate to the extent and percentage by which these

Defendants' acts or omissions contributed to Plaintiffs' injuries or damages, if at all.

**SIXTEENTH AFFIRMATIVE DEFENSE**

32. The negligence of a third-party or parties was a superseding, intervening cause of Plaintiffs' injuries.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

33. Defendants are protected by the application of qualified immunity, in that there was no constitutional right, it was not violated, and it was not clearly established in the circumstances at issue, as explicated by *Ryburn v. Huff*, 132 S.Ct. 987 (2012), *Plumhoff v. Rickard*, 134 S.Ct. 2012 (2014), *Brosseau v. Haugen*, 543 U.S. 194 (2004), *Heien v. North Carolina*, 135 S.Ct. 530 (2014), and *City and County of San Francisco v. Sheehan*, 135 S.Ct. 1765 (2015).

**EIGHTEENTH AFFIRMATIVE DEFENSE**

34. Liability for punitive damages is precluded by the absence of malice, in general, and the absence of clear and convincing evidence thereof, in particular, as required by Civil Code §§ 3294(a) and (c), and pursuant to Government Code § 818, and *Newport City v. Fact Concerts, Inc.*, 453 U.S. 247, 69 L.Ed.2d 616, 101 S.Ct. 2748 (1981).

**NINETEENTH AFFIRMATIVE DEFENSE**

35. The Complaint and individual theories of relief set forth therein are barred by Plaintiffs' failure to have complied with the California public entity and public employee claims filing provisions.

**TWENTIETH AFFIRMATIVE DEFENSE**

36. This action is barred by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure §§ 335.1, 339, 340, and 342.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

37. Plaintiffs' claims are barred by the doctrine of unclean hands.

7

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

38. Plaintiffs' claims are barred by the doctrine of laches.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

39. Defendants are not liable pursuant to the doctrine of assumption of risk.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

40. Plaintiffs have failed to mitigate their damages.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

41. Any injury or damage suffered by Plaintiffs was caused solely by reason of Plaintiffs' wrongful acts and not by reason of any unlawful acts or omissions of these Defendants.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

42. Plaintiffs' Complaint fails to state a cause of action against these Defendants for punitive damages in that punitive damages violate due process of law rights.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

43. Each of Plaintiffs' state law claims are barred by the absolute privilege of Government Code § 821.6 and absolute common law prosecutorial immunity.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

44. Each of Plaintiffs' state law claims are barred by the absolute privilege of Government Code § 820.2.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

45. Defendants are not legally responsible for the acts and/or omissions of the DOE defendants.

**THIRTIETH AFFIRMATIVE DEFENSE**

46. Plaintiffs' claims for municipal liability pursuant to U.S.C. 42 § 1983 are barred pursuant to the holding and rationale of *Venegas v. County of Los*

*Angeles*, 32 Cal.4th 820, 828-839 (2004) and *County of Los Angeles v. Superior Court (Peters)*, 68 Cal.App.4th 1166, 1171 (1998).

### THIRTY-FIRST AFFIRMATIVE DEFENSE

47. Plaintiffs improperly assert claims for municipal liability against the individual Defendants. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658 (1978).

### THIRTY-SECOND AFFIRMATIVE DEFENSE

48. Plaintiffs have failed to comply with the claim submission provisions of the California Government Tort Claims Act, established in Government Code § 945.5, which failure serves to bar in whole or in part each and every one of his alleged state law claims.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

49. The Complaint and individual theories of relief set forth therein are barred by Plaintiffs' failure to have exhausted his administrative remedies under the Tort Claims Act.

### THIRTY- FOURTH AFFIRMATIVE DEFENSE

50. Defendants reasonably acted upon a valid search warrant.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

51. Defendants are entitled to quasi-judicial immunity.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

52. Defendants' actions were motivated by legitimate law enforcement purposes and not done in an arbitrary, capricious, or harassing manner.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

53. Plaintiffs' claims are barred by the doctrines of collateral estoppel and res judicata.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

54. Plaintiff does not state any causes of action against the County of Ventura or Amanda Ahrens.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

55. The searches and seizures performed were legally permissible and reasonable pursuant to the execution of a valid search warrant obtained from the Ventura County Superior Court.

**FORTIETH AFFIRMATIVE DEFENSE**

56. The actions of these Defendants in all respects were reasonable, proper, and legal.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

57. Plaintiffs' claims are barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

58. Neither a public entity nor a public employee is liable for any injury caused by the institution or prosecution of any judicial proceedings within the scope of the public employee's employment.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

59. Plaintiffs' government tort claim is not sufficiently broad to cover all claims currently pled and is not in compliance with Government Code §§ 910, *et seq*. Therefore, individual theories of relief set forth therein are barred.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

60. Plaintiffs' arrest, investigation, and prosecution were based on probable cause, as determined by a judge of the Ventura Superior Court.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

61. Because the Complaint is couched in conclusory terms, these Defendants cannot fully anticipate all the affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

1  Wherefore, these answering Defendants pray that Plaintiffs take nothing by
2  way of the Complaint and that Defendants herein recover costs and such other
3  and further relief as the Court may deem just and proper.
4
5  Dated: June 16, 2023                LAWRENCE BEACH ALLEN & CHOI, PC
6
7                                      By    /s/ Rocco Zambito, Jr.
                                             Rocco Zambito, Jr.
                                             Attorneys for Defendants
8                                            County of Ventura, Deputy S. Moss,
                                             Deputy Steele, Bryan Bray, Alina
9                                            Hoffman, and Amanda Ahrens

# **DEMAND FOR JURY TRIAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants County of Ventura, Deputy S. Moss, Deputy Steele, Bryan Bray, Alina Hoffman, and Amanda Ahrens demand a trial by jury pursuant to Federal Rules of Civil Procedure Rule 38(b) and Local Rule 38-1.

Dated: June 16, 2023          LAWRENCE BEACH ALLEN & CHOI, PC

By   /s/ Rocco Zambito, Jr.
     Rocco Zambito, Jr.
     Attorneys for Defendants
     County of Ventura, Deputy S. Moss,
     Deputy Steele, Bryan Bray, Alina
     Hoffman, and Amanda Ahrens